UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DARIEN HOUSTON, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | No. 1:13-CR-102 |
| ) | Judge Collier |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM & ORDER

On March 25, 2022, the Court of Appeals for the Sixth Circuit, upon motion by the United States (the "Government"), remanded this matter before this Court for reconsideration of Petitioner's sentence in light of *Cartwright v. United States*, 12 F.4th 572 (6th Cir. 2021). (Doc. 107.) On the same day, the Government filed in this Court a supplemental response to Petitioner's 28 U.S.C. § 2255 supplement, arguing that Petitioner is now subject to a 120-month statutory maximum sentence, representing that Petitioner has served 116 months in custody, and asking this Court to expedite its decision on Petitioner's case. (Doc. 108 at 3.) The Court of Appeals for the Sixth Circuit issued the mandate on April 29, 2022. (Doc. 111.) If there is no objection by the Government or the Petitioner on the matter within five days of entry of this order, the Court will **GRANT** Petitioner's § 2255 petition (Docs. 66, 68).

On January 16, 2014, Petitioner pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Docs. 33–36.) The statutory maximum for a felon in possession of a firearm is ten years or 120 months. 18 U.S.C. § 922(g)(1). At sentencing, the Court found Petitioner to be subject to a fifteen-year mandatory minimum sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on the following three predicate felony convictions in the Criminal Court for Hamilton County, Tennessee: (1) a June 11, 1990,

conviction for second degree burglary (Presentence Investigation Report ("PSR") ¶ 33); (2) a September 17, 1998, conviction for possession of cocaine for resale on August 9, 1997 (PSR ¶ 37); and (3) a September 17, 1998, conviction for possession of cocaine for resale February 24, 1998 (PSR ¶ 39). At the time, as an armed career criminal, Petitioner was subject to a statutory mandatory minimum sentence of fifteen years to a maximum of life, and his advisory guideline sentencing range under the United States Sentencing Guidelines was 180 to 210 months. (PSR ¶¶ 85, 86.) The Court sentenced Petitioner to a term of imprisonment of 180 months. (Doc. 52.)

In his § 2255 motion, as amended, Petitioner asked the Court to set aside his ACCA enhancement on the grounds that (1) he received ineffective assistance of counsel because his counsel failed to object that his two prior drug convictions could not serve as ACCA predicates because they were not punishable by a maximum term of imprisonment of ten years or more; (2) he received ineffective assistance of counsel because his counsel failed to argue that the Court engaged in improper fact-finding when it designated Petitioner as an armed career criminal; (3) his conviction for second-degree burglary no longer qualified as a violent felony under the ACCA because of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Mathis v. United States*, 136 S. Ct. 2243 (2016); (4) his two drug convictions no longer qualified as violent felonies under the ACCA because of *Johnson*, 135 S. Ct. 2551, and *Mathis*, 136 S. Ct. 2243; and (5) his conviction for second-degree burglary no longer qualified as a violent felony under the ACCA because of *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017). (Doc. 77.)

The Court denied Petitioner's amended § 2255 motion on all grounds on June 29, 2018. (Docs. 77, 78.) Specifically, the Court denied the petition, finding, among other things, that the violent-felony status of Tennessee second-degree burglary was not affected by *Johnson* because that offense categorically qualified as generic burglary under the ACCA's enumerated offense clause. (Doc. 77.)

However, in *Cartwright* the Court of Appeals for the Sixth Circuit recently concluded otherwise. The Court held that Tennessee second-degree burglary does not qualify as generic burglary. *Cartwright*, 12 F.4th at 586. Thus, Petitioner's prior second-degree burglary conviction no longer qualifies as a violent felony under the ACCA. Because petitioner has insufficient other prior convictions to subject him to the ACCA's enhanced penalties, he is eligible for § 2255 relief. To date, the Petitioner has served roughly 117 months of the 120-month statutory maximum.

Therefore, for good cause, the Court **GRANTS** Petitioner's § 2255 motion (Docs. 66, 68) and Petitioner's sentence will be **REDUCED** to a term of **TIME SERVED.** Because Petitioner's prior Tennessee conviction for second degree burglary does not qualify as a violent felony, he is no longer subject to a fifteen-year mandatory minimum sentence pursuant to the ACCA. 18 U.S.C. § 924(e). The accompanying judgment shall take effect in five days so long as there is no objection by the petitioner or the Government. The judgment dated May 1, 2014 (Doc. 52), will be **AMENDED** to reflect this reduced sentence and to reflect a three-year term of supervised release.

**AN AMENDED JUDGMENT WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**